IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANGELO KELLY                                                                                          PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:16CV223

CREDIT ACCEPTANCE and
SUPERMAN AUTO                                                                                     DEFENDANTS

MEMORANDUM OPINION

This matter arises from Plaintiff's claims for violations of Fair Debt Collection Practices, as well as state law claims of intentional breach of contract, and fraud. Defendant Credit Acceptance has filed a Motion to Compel Arbitration in this dispute [6].

*Facts and Procedural History*

This action was initially brought in the Monroe County Circuit Court, and then removed to this Court [1]. Though Plaintiff served Defendant Credit Acceptance upon filing its State Court Complaint, Plaintiff failed to summon Superman Auto to the action. The Clerk noticed Plaintiff that process is incomplete [8]. Pursuant to Federal Rule of Civil Procedure 4, Plaintiff had 90 days to serve Defendant Superman Auto. At this point, it has been 95 days since the Complaint was removed to the District Court, and the Summons has not been returned executed.

Defendant Credit Acceptance has answered and asserted its Motion to Compel Arbitration [6]. Instead of filing his response with the Court, Plaintiff responded to Defendant's Motion via letter, sent directly to Defendant and styled as a "Motion to Compel Arbitration" and a "Response to Answer and Affirmative Defenses." Defendant Credit Acceptance has filed a Motion to Strike Plaintiff's unfiled responsive motions. Pursuant to Local Rule 7(b)(2), responses must be filed with the Court. As the Plaintiff has failed to present these motions upon the docket of the Court, the Court does not recognize these pleadings. Thus Defendant's Motion is DENIED as moot.

*Analysis and Discussion*

The Federal Arbitration Act (FAA) provides that written provisions for arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed . . . absent a ground for revocation of the contractual agreement." *Dean, Witter, Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985).

In determining whether a party should be compelled to arbitrate, this Court employs a two-step analysis. *Sherer v. Green Tree Servicing, LLC*, 548 F.3d 379, 381 (5th Cir. 2008). First, the Court must decide whether the parties have agreed to arbitrate the dispute at issue. *OPE Int'l, LP, v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001) (citation omitted). "This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* (internal quotations and citation omitted). Second, the Court must assess "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims" at issue. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985).

Regarding whether the parties agreed to arbitrate the dispute at issue, Defendant argues that the agreement to arbitrate is valid. Plaintiff electronically executed his signature upon the Retail Installment Contract after purchasing the vehicle. Moreover, Defendant alleges that by performing his obligations under the contract, Plaintiff further ratified his assent to the contract. Plaintiff has provided no response, but it is clear that the parties executed a valid agreement to

arbitrate. Indeed, the Electronic Signatures in Global and National Commerce Act established a general rule of validity for electronic signatures in transactions in or affecting interstate commerce. *See* 15 U.S.C. § 7001.

Regarding whether this dispute falls within the scope of the agreement, the Court has reviewed Plaintiff's Complaint. In his complaint, Plaintiff first alleges that he was not aware of, nor did he give permission for the Defendant to install a GPS sensor vehicle disabler device into his vehicle.[1] Additionally, though Plaintiff "substantially" made installment payments as per the terms of his agreement, he alleges that Seller regularly and persistently made collection calls that he deems were aggressive in nature.

During the transaction for purchase, Plaintiff executed a disclosure which provided that he understood that the "[d]ealer has equipped the Vehicle with a vehicle starter interruption device or a GPS system, or both." The agreement goes on to describe how the tracking system would allow the "[d]ealer or any entity that purchases the Contract from the dealer to locate the Vehicle in the event of default or theft," and that Plaintiff would "understand and agree **that the vehicle may not start if** any amount due under [the] Contract is not received by Credit Acceptance when it is due." The agreement required that Plaintiff "understand and agree that any claim, dispute or controversy arising out of or related to the installation, use, operation, and removal of the Device or the GPS between myself, the Dealer and/or Credit Acceptance . . . shall be fully resolved by binding arbitration in accordance with the Arbitration Clause found in the Contract." Finally, the Plaintiff signed stating "I acknowledge that I have read the Arbitration Clause and I understand all my rights, including my right to reject the Arbitration Clause."

---

[1] Such device would disable the vehicle if any amount due under the Contract was not timely received by Credit Acceptance.

Therefore, the Seller gave multiple notices regarding the GPS device. It also referred the Plaintiff to the Arbitration Agreement in plain words, requiring him to sign not only the agreement, but also an addendum attesting that he had read and understood it. Plaintiff's failure to pay the full amounts due, as well as the Defendant's efforts to collect therefrom and using the allegedly illegally installed device to do so, constitute disputes arising from the transaction. Thus, the first step of the Court's analysis falls in favor of Defendant, for the terms of the agreement expressly require that "any controversy or claim between You and Us arising out of or in any way relating to this Contract" and "the purchase, sale, delivery, set-up, [and] quality of the Vehicle must be arbitrated," and Plaintiff validly executed such agreement.

Furthermore, in reference to whether "legal constraints external to the parties' agreement foreclosed the arbitration of those claims" at issue, Plaintiff failed to respond to Defendant's Motion to Compel Arbitration, and consequently fails to challenge the legality of constraints external to the parties' agreement.

Thus, the Court finds that the Parties had a valid agreement to arbitrate certain contractual disputes and that all of Plaintiff's claims fall within the scope of the arbitration agreement. Furthermore, "[i]f all of the issues raised before the district court are arbitrable, dismissal is not inappropriate." *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999); *see also Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citing *Sea–Land Service, Inc. v. Sea–Land of Puerto Rico, Inc.*, 636 F. Supp. 750, 757 (D. P.R. 1986)). Thus, Plaintiff's claims against Credit Acceptance will be dismissed without prejudice.

*Conclusion*

For the reasons stated above, Defendant's Motion to Compel Arbitration is GRANTED. Plaintiff's claims are dismissed. The claims against Credit Acceptance are dismissed with

4

prejudice. Claims against Superman Auto are dismissed without prejudice, for Plaintiff has failed to complete process. Defendant's Motion to Strike is DENIED as moot. This case is CLOSED.

IT IS SO ORDERED, this the 20th day of March, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE